### No. 8720

### WORTHINGTON v. KEELY.

1. APPEAL AND ERROR—*Extent of Review.* Action for contribution. The defendant instituted an equitable action to restrain the prosecution. An injunction allowed in this action was afterwards dissolved, and the action dismissed. The defendant in the original action afterwards filed new and additional pleadings therein. Judgment was given for the plaintiff. An exception had been taken to the interlocutory decree in the injunction suit, but no writ of error was sued out to review the final order. *Held* that upon error to the judgment in the original action in the proceedings in the defendant's action for an injunction were not reviewable.

2. —— *Presumptions.* Upon a general finding in the court below, conflicts in the testimony are resolved in favor of the defendant in errorr.

3. PRINCIPAL AND SURETY—*Co-sureties—Surety by Request.* That one becomes co-surety with another at the latter's request does not relieve him from liability to make contribution.

4. —— *Co-sureties—Contribution.* The right to contribution has its foundation in, and is controlled by principles of equity. It is not founded upon any express contract. One who has paid nothing upon a judgment recovered against him as surety is not entitled to contribution from a co-surety.

A bank had agreed to provide funds for a contractor upon certain public works. The contractor purchasing machinery for the work, plaintiff, an officer of the bank, the bank being incapable in law to become surety, became surety for the price of the machinery, and defendant, likewise, at plaintiff's request. Judgment was recovered against plaintiff and defendant for the price of the machinery, and the judgment having been satisfied, plaintiff sued for contribution. It appearing that the judgment was paid by the bank, and not by plaintiff, and the plaintiff was under no liability to the bank, *held* the action must fail.

*Error to Denver District Court, Hon. John H. Denison, Judge.*

Mr. THOMAS J. DIXON, and Mr. N. WALTER DIXON, for plaintiff in error.

Messrs. HUGHES & DORSEY, Mr. JOHN Z. DIER, and Mr. BERRIEN HUGHES, for defendant in error.

Mr. Justice Scott delivered the opinion of the court.

IN 1903, R. P. McDonald contracted with the city of Golden to construct for that city a waterworks system, or plant. This contract was assigned by McDonald to Thomas Keely, then vice-president of the First National Bank of Denver, with authority to collect the payments arising thereunder. This assignment was to protect the bank for moneys to be advanced by it to McDonald in the matter of construction.

Shortly after this assignment McDonald purchased a bill of materials to be used in the work of construction, from The Kansas City Bolt and Nut Company, and the

plaintiff and defendant in this case, guaranteed the purchase price of these materials. McDonald failed to make payment for the materials, and the Bolt and Nut Company brought suit in the United States District Court against the plaintiff and defendant jointly, as guarantors, for the amount due and unpaid on the purchase price.

Judgment was rendered against the guarantors, and upon appeal to the United States Circuit Court of Appeals, the judgment was sustained to the extent of $2,665.65, including interest and costs, which judgment was paid by the said First National Bank.

This suit was by Keely as against Worthington, his joint guarantor, for contribution to the extent of one-half of the sum so paid. Judgment was obtained against Worthington by default.

On the 18th day of November, 1908, Worthington filed a complaint in the District Court of the City and County of Denver, being the same court in which Keely had obtained the default judgment, and against Keely, alleging the matters above set forth, and that he was not served with summons in this suit, and had no knowledge of the pendency of the action until after Keely had commenced an action on the default judgment, in the Court of Common Pleas in the City of Cleveland, state of Ohio.

It was alleged also that the pretended service in this case was, as shown by the return, made by delivering to and leaving with M. H. Scott, the clerk or bookkeeper of John S. Worthington, the defendant, personally in the city and county of Denver, at the usual place of business of said Worthington, a true copy of the summons and complaint.

It was further alleged that the plaintiff left the state of Colorado on January, 1907, for the state of California and was continuously absent in said state, until April 6th, 1907, and that no member of plaintiff's family was within the state of Colorado during said period. The service in this suit purports to have been made on the 9th day of February, 1907, and the default judgment rendered on the 12th day of March, 1907.

It was alleged further, that the said M. H. Scott was employed by the plaintiff as stenographer, and that her sole duty during his absence was to receive and forward mail, and to answer such communications as she had been directed; that the summons in this case was never delivered to Worthington, and that he did not receive or have any knowledge of the same, until after the institution of the Ohio suit. That therefore, the court had no jurisdiction to enter the judgment and that the same is void. Further, that plaintiff had been advised and believed, that he had valid defense to this action.

Prayer in that suit was for vacation of the default judgment, and that Keely be enjoined from enforcing the same.

The court upon the hearing in that case entered an interlocutory degree, so styled, enjoining the enforcement of the default judgment, ordered a trial of this action on its merits, and directed the deposit of the sum of $1,700 by Worthington in the registry of the court, to abide the result of this trial. It was further ordered that a transcript of all the proceedings, upon the trial of this cause, be filed in that case, to the end that a final decree be entered in accordance with the result of the trial in this case. These orders were complied with, and afterward the injunction in that case was dissolved and the case dismissed.

Exceptions were taken to the interlocutory decree, but no writ of error was sued out in this court, and no other effort made to obtain a review of the proceedings therein.

In this case the defendant filed his answer, and the plaintiff replied. Trial was had on the merits of the case, and judgment rendered in favor of the plaintiff Keely. This action is to review such judgment.

The defendant in error contends for a review of the proceedings in the action of *Worthington v. Keely,* to set aside the default judgment. This must be denied. No cross errors are assigned, and the defendant in error accepted the result in that case by filing new and additional pleadings in this case, and proceeded upon the theory of a

trial upon the merits of the suit as originally instituted, and obtained judgment in his favor.

The complaint sets forth the contract by McDonald with the Bolt and Nut Company, and the guaranty thereof by Keely and Worthington, the payment by Keely of the judgment of the Federal Court rendered thereon, and the insolvency of McDonald. It contains no reference to the First National Bank, and is simply in the form of an action upon the part of Keely as against Worthington, for contribution under the contract of guaranty.

The defendant below relies upon the third and fourth defenses pleaded in the answer. In the third defense it is alleged that when the plaintiff Keely, signed the contract of guaranty, set up in the complaint, he had indemnified himself against loss by reason or on account thereof, by taking from said McDonald an assignment of all his rights to payments under the contract with the city of Golden, for the construction of the water plant, and also by an order from McDonald, directing all payments thereunder to plaintiff. That since the payment of said judgment, plaintiff has realized and collected from said city, a sum in excess of said judgment, in the sum of $4,000, and thereby reimbursed himself for all moneys paid on said judgment.

The fourth defense alleged in substance that the money with which the plaintiff paid the judgment, was furnished to plaintiff by the First National Bank, and at the time or thereafter, it was agreed between the bank, plaintiff and McDonald, that the bank should accept McDonald as its debtor for the money which the bank had furnished plaintiff with which to pay the judgment, and that plaintiff should be under no liability therefor to the bank. That the bank did so accept said McDonald as its debtor for said money so furnished, and accepted the promissory note of McDonald in payment therefor. It is denied that the plaintiff sustained any loss by reason of the premises, and for such reason denied that plaintiff is entitled to contribution from the defendant.

The replication admits that the money which went to

pay the judgment was furnished to plaintiff for that purpose by the bank, and alleges that:

"At all times in the complaint mentioned plaintiff was and still is an officer and representative, to-wit, the Vice-President, of said First National Bank of Denver, and that with reference to the transactions and occurrences alleged and referred to in the complaint, as well as such of the transactions and occurrences referred to in said fourth separate defense as are true, plaintiff was acting as such officer and representative of said Bank, as a trustee of an express trust for said Bank, for its benefit and on its behalf."

After the introduction of all the testimony, the defendant was permitted to amend his fourth defense to conform to the proof; in substance, and to the effect; that defendant denied that plaintiff paid and satisfied the judgment, and avers that it was paid by the bank on January 23rd, 1907, and that on January 24th, 1907, the bank took McDonald's note for the money which it had so paid, and denies that plaintiff is now or ever was under any liability to the bank because of its having paid the judgment, and denies that the plaintiff has sustained any loss or damage, or is entitled to contribution.

There is no material conflict in the testimony and whatever conflict there may be, must for the purpose of this case, resolved in favor of the defendant in error, because of the general finding of the court.

Keely testifies that he took the assignment of the city of Golden contract with McDonald, in his own name to protect the bank for advances to be made to McDonald in carrying on the work. That he signed the guaranty in question personally, for the reason that the bank could not lawfully make such a guaranty. That the bank paid the judgment rendered upon such guaranty, and that he is not and was not liable to the bank for the sum paid in satisfaction of such judgment; that this sum was included in a new note to the bank executed by McDonald, on the day following the payment of the judgment; that McDonald's

notes have since been charged off by the bank; that subsequent to the payment of the judgment, he received $3,800 from the city of Golden on the water works contract, and that this sum was credited to the bank's profit and loss account; that at the time McDonald was indebted to the bank on the notes theretofore charged off in a sum greatly in excess of $3,800.

Keely testifies that in all matters and things involved in this action he was acting for the bank, and that if he should collect the judgment in this case the money would belong to the bank. He says that the bank made no specific arrangements with him concerning the assignment to him of the water construction contract, or the guaranty to the Kansas City company. He says only that the bank passed a resolution twice each year in protection of its officers in the matter of obligations made by them for the benefit of the bank. We take it from this testimony that these resolutions were general in their nature without specific reference to any particular officer or transaction.

It is contended by plaintiff in error that Worthington is not liable for contribution upon the joint guaranty with Keely for the reason that Keely induced Worthington to sign the guaranty by assuring the latter that he, Keely, held an assignment of the city water works contract, and by means of this would protect Worthington from loss. This is denied by Keely, and the court found in his favor.

It has been held by this court that to relieve a party from liability to contribution there must be a contract express or implied for such immunity, and the mere fact that the defendant became surety at the plaintiff's request is not sufficient to release him from liability, though such a request is a good consideration for a promise of indemnity. *Chapell v. John*, 45 Colo. 45, 99 Pac. 44, 132 Am. St. 134, 16 Ann. Cas. 854.

It is further contended that there is a fatal variance between the complaint and the proof, in that the plaintiff alleged a cause of action in himself personally, and the proof shows that if any claim exists, it is upon the part

of the bank alone. In the complaint plaintiff alleges that he personally paid the judgment. In his replication he declares he was acting for the bank as the trustee of an express trust. But the testimony shows no specific authority to so act.

Keely expressly says that he signed the guaranty for himself, and not for the bank, and knew that the bank could not lawfully enter into such a contract. He does not contend that in any of the transactions involved, there was any contract relations between himself and the bank concerning these matters, other than that he was **an officer** of the corporation.

The rule of law in this respect is well stated by Mr. Pomeroy in his work on Remedies and Remedial Rights, § 17, to be:

"It is abundantly settled that an agent cannot sue in his own name to enforce an implied liability to his principal; if by any possibility he should be a trustee under these circumstances, he would not be the trustee of an express trust."

This is not a suit upon the contract of guaranty, nor upon a contract at all. The right to contribution has its foundation in and is controlled by principles of equity and material justice and does not arise from contracts. 9 Cyc. 794.

Keely cannot maintain the suit for himself, for he says he did not pay the judgment and is in no way liable for the payment that was made; that the bank paid it, and it was the bank's affair. He cannot maintain an action in his own name for contribution in favor of the bank and in which he has no sueable interest, merely because of the fact that he is an officer of the bank. And if we were to admit for the purpose of argument that Keely in signing the contract of guaranty acted as the trustee of an express trust, the fact still remains that the contract was fully satisfied and discharged by the judgment and its payment.

A suit for contribution is an original action, as in assumpsit, or in equity, and not upon contract, and must

therefore be brought in the name of the real party in interest. 9 Cyc. 801, 6 R. C. L. 1059.

Contribution presumes the payment and extinguishment of the debt by one co-security for the benefit of all. *Dillenbeck v. Dygert,* 97 N. Y. 303, 49 Am. Rep, 525. The very foundation of the doctrine of contribution is that one had paid more and another less than his share, and where such is not the fact the right does not exist. 6 R. C. L. 1043, 9 Cyc. 789.

Here the plaintiff paid nothing and testifies he is in no way liable for anything that was paid on the judgment, hence there exists no right of contribution in him.

Whether or not the First National Bank for any reason may claim contribution in a proper proceeding, is not properly before us, and is therefore not determined.

The judgment is reversed.

White, C. J., specially concurring.

*En banc.*

Chief Justice White specially concurring:

The instant case is a suit in equity, the purpose of which was to enjoin the enforcement of a judgment at law against Worthington in favor of Keely. The court held that while the judgment sought to be enjoined was not void, Worthington was, nevertheless, entitled to, and should be allowed to present his defense. The court required Worthington to deposit in the registry of the court the amount of the judgment, to abide the final disposition of the equity case, enjoined Keely from enforcing the judgment at law until there had been a trial on the merits of the defense, and ordered that upon the conclusion of such re-trial, all the pleadings therein, evidence preserved by bill of exceptions, and proceedings, be reported to and filed in the instant case, as a part of the record thereof; and retained jurisdiction of the cause, to the end that a final decree be entered. Those directions of the court were complied with and subsequently the decree here involved was entered. Under the circumstances, the rehearing was, in substantial effect, nothing more than the ascertainment of certain facts by a

referee, his finding thereon and a report to the chancellor, and is therefore properly in this record for review here.

I am of the opinion that the record shows clearly that Keely was not entitled to any judgment against Worthington for the simple reason that he had paid nothing upon the joint obligation of the two entitling him to contribution. Furthermore, the National Bank discharged the obligation of its own volition, and exacted and received of the principal, for whom Keely and Worthington were sureties, his promissory note for the full amount thereof. Such bank had no legal capacity to become surety. It, however, did have legal capacity to loan money upon promissory notes, and when it paid a judgment against a principal and his sureties in a bond, and took the promissory note of the principal for the amount of such payment, it should be held that the one primarily responsible on the bond had discharged his debt. I am, therefore, of the opinion that the court erred in denying equitable relief, and that the cause should be re-instated and the collection of the judgment at law enjoined.

Decided December 3rd, A. D. 1917.    Rehearing denied February 4, A. D. 1918.