[Civil No. 1538.   Filed February 16, 1918.]

[170 Pac. 798.]

## NAVAJO–APACHE BANK AND TRUST COMPANY, a Corporation, W. H. BURBAGE and F. W. NELSON, Appellants, v. CAROLINE DESMONT and WILLIAM H. WAHL, Appellees.

1. PLEADING—GENERAL DEMURRER.—A general allegation that defendant bank took over all the assets and assumed all the liabilities of its predecessor bank was sufficient to include a particular note and mortgage as against a general demurrer.

2. CHATTEL MORTGAGES — SALES BY MORTGAGEE — SURPLUS. — A mortgagee, selling personalty in the exercise of a power, is a trustee of a surplus, and the mortgagor may resort to equity for an accounting.

3. JUDGMENT—RES JUDICATA.—Where a mortgagor commenced and dismissed actions to restrain a sale of sheep, to replevy the sheep from the purchaser, and to recover damages for conversion of the property, she was not estopped by such judgments to bring action for an accounting for a surplus; all of such actions being ill-advised.

4. ELECTION OF REMEDIES—MISTAKEN REMEDIES.—Where a mortgagor commenced and dismissed actions to restrain a sale of sheep, to replevy from the purchaser, to recover damages for conversion, all being ill-advised, there was no election of remedies to prevent her from suing for an accounting for a surplus in the hands of the mortgagee, because there can be no election of remedies, where there is only one proper remedy.

    [As to when resort to one remedy bars the prosecution of another, see note in 1 Am. St. Rep. 626.]

5. LIMITATION OF ACTIONS — BONDS — TRUSTS.—Where on releasing an injunction restraining sale of sheep by mortgagee, the court required a bond of the mortgagee, the fact that limitations has run on the bond does not avail the mortgagee in an action for an accounting as to a surplus, because a surplus in the hands of a mortgagee, being held in trust, is the possession of the mortgagor.

6. BANKS AND BANKING — LIABILITY OF OFFICERS. — Officers of a bank cannot be sued in their individual capacities for an accounting for surplus on a sale by the bank under a mortgage.

APPEAL from a judgment of the Superior Court of the county of Mohave.   John A. Ellis, Judge.   Judgment against Navajo-Apache Bank and Trust Company affirmed; judgment against W. H. Burbage and F. W. Nelson reversed.

Mr. E. S. Clark and Mr. F. W. Nelson, for Appellants.

Mr. George Estes, for Appellees.

FRANKLIN, C. J.—This is an action for an equitable accounting. The defendants answered by plea in abatement, *res judicata,* election of remedies, the statute of limitations, a general demurrer, and a denial of each allegation of the complaint. The court overruled all the dilatory pleas, and properly so. An accounting was had, and the court found a balance due the plaintiff in the sum of $618.45, for which judgment was given. The matters urged for a reversal of the judgment occur upon the pleadings and the judgment, with some modification, must be affirmed.

The appellee Caroline Desmont was the owner of a band of sheep ranging in Apache county. The appellee William Wahl was the lessee of the sheep. The appellees, being indebted to the Apache County Bank in the sum of $5,000, gave a promissory note therefor and a chattel mortgage upon the sheep to insure the payment of the debt. Upon default, the mortgagee, in the exercise of a power, sold the sheep to Richard Gibbons for $11,000. The appellant, the Navajo-Apache Bank & Trust Company, is the successor of the Apache County Bank, taking over all of its assets and assuming all of its liabilities. While it is not alleged that such assets included this particular note and mortgage or the proceeds thereof, such defect of the complaint was amendable, and could have been cured by special demurrer. The general allegation was sufficient to withstand a general demurrer.

Where property is conveyed as security for the payment of a debt, a trust is thereby created, and in such a case the grantee is a trustee for the grantor for what remains over and above the debt. Perry on Trusts, par. 602d; 25 Cyc. 1152.

A mortgagee becomes a trustee for the mortgagor as to the surplus received upon a sale in the exercise of a power, and the existence of this relation gives the mortgagor the right to a court of equity to obtain an account of the trust. *Flanders* v. *Thomas,* 12 Wis. 456; *Vick* v. *Smith,* 83 N. C. 80; *Korns* v. *Shaffer,* 27 Md. 83; Jones on Chattel Mortgages, par. 817.

A consideration of this principle makes the remedy of appellees plain. Appellee Desmont had theretofore commenced

and dismissed a number of ill-advised actions, none of which, however, went to the merits. This was not *res judicata* or estoppel by judgment, irrespective of the question of the parties plaintiff to the action being the same, or one being in privity with the other. Mr. Justice CLARK, speaking for the supreme court of the United States in the case of *United States* v. *California Bridge & Construction Company,* citing numerous authorities, says:

"The doctrine of estoppel by judgment, or *res judicata,* as a practical matter, proceeds upon the principle that one person shall not a second time litigate, with the same person or with another so identified in interest with such person that he represents the same legal right, precisely the same question, particular controversy, or issue which has been necessarily tried and finally determined, upon its merits, by a court of competent jurisdiction, in a judgment *in personam* in a former suit." 245 U. S. 337, 62 L. Ed. 77, 38 Sup. Ct. Rep. 77, 78.

The case of *Coates* v. *Santa Fe etc. Ry. Co.,* 15 Ariz. 25, 135 Pac. 717, cited by appellant, is not in point. In that case the judgment went to the merits. Mrs. Desmont also had commenced and dismissed actions to restrain a sale of the sheep under the power contained in the mortgage, to replevy the sheep from the purchaser at the foreclosure sale, and to recover damages for a conversion of the property. These actions were all ill-advised. It was a mere fancy of hers that these remedies were suited to her case.

"The principles governing election of remedies are necessarily based upon the supposition that two or more remedies exist. If in fact or in law only one remedy exists, there can be no election by the pursuit of another and mistaken remedy." 9 R. C. L., Election of Remedies, p. 962, par. 9.

There was a choice of remedies involved in the case of *Dowdy* v. *Calvi,* 14 Ariz. 148, 125 Pac. 873, and the exercise of a choice thereof. That case is not, therefore, an authority for appellants under the circumstances of this case.

In the action by Mrs. Desmont to restrain a sale of the sheep, the court, in dissolving a temporary injunction, exacted a bond for any damages that might result to plaintiff by reason of the sale. It is argued that by reason thereof the only remedy of the appellees was an action on the bond, but we perceive no force in the argument. The mortgagee, after

XIX Ariz.—22

paying the mortgage debt and the reasonable charges and expenses contemplated by the mortgage, held the overplus as a trustee for the appellants. Its possession of such overplus was the possession of the beneficiaries thereof; hence the plea of the ·statute of limitations, under the facts and circumstances of this case, was of no avail. The action of the lower court in having an accounting between the appellees and the Navajo-Apache Bank & Trust Company, and giving judgment in favor of the appellees for the balance found due, is proper and just.

The appellees, however, are not entitled to sue the officers of the bank in their individual capacities for a purely corporate matter.

The judgment against the Navajo-Apache Bank & Trust Company is in all things affirmed. The judgment against W. H. Burbage and F. W. Nelson, individually, is reversed, with directions to dismiss as to them. Burbage and Nelson to recover their costs, if any, in this court and in the court below.

CUNNINGHAM, J., concurs.

ROSS, J., having been of counsel in the matter, took no part in the decision of this cause.