[Civ. No. 2484.  First Appellate District, Division One.—December 10, 1918.]

## H. H. BACKER, Respondent, v. JOHN GRUMMETT, Appellant.

ACTION FOR CONTRIBUTION—PAYMENT OF PROMISSORY NOTE—PLAINTIFF'S OWN OBLIGATION—ERRONEOUS EXCLUSION OF EVIDENCE.—In an action by one of the joint makers of a promissory note against one of his co-makers for contribution on account of the payment of the note, it is prejudicial error to exclude evidence to establish the defense that the proceeds of the note were used exclusively to discharge the plaintiff's own obligation.

ID.—BASIS OF DOCTRINE OF CONTRIBUTION.—The right given by section 1432 of the Civil Code to a joint obligor who satisfies more than his share of the claim against all to require a proportionate contribution from all the parties joined with him, is based upon the principle of equity that one who has paid money which in equity and good conscience should be paid by another should be reimbursed therefor, and such principle cannot be invoked by one who has paid no more than in equity and good conscience he should have paid.

APPEAL from a judgment of the Superior Court of Fresno County. George E. Church, Judge. Reversed.

The facts are stated in the opinion of the court.

W. P. Thompson and A. W. Carlson for Appellant.

C. K. Bonestell for Respondent.

BEASLY, J., *pro tem.*—Plaintiff and defendant and two others were joint makers of a promissory note. The parties, with the exception of the defendant, paid three-fourths of the amount of the note, and upon the failure and neglect of the defendant to pay the remaining one-fourth the plaintiff was compelled to and did pay it, and now sues the defendant for reimbursement.

As a defense to the action the defendant pleaded, first, that he signed the note at the request of the plaintiff upon the distinct understanding with him that he would not be called upon to contribute to the payment thereof, and that he received no part of the proceeds of the note; and further pleaded the following facts: That the plaintiff borrowed the money represented by the note in suit for the purpose of taking up a prior note, of which the plaintiff, defendant, and another were joint makers, the money obtained on which was borrowed for the benefit of a corporation in which plaintiff and defendant were jointly interested; that said corporation had issued to the plaintiff certain shares of its capital stock of the value of the last-mentioned note for the purpose of enabling the plaintiff to repay the amount borrowed thereon; that the plaintiff sold the said stock, and instead of using the proceeds in taking up said last-mentioned note, appropriated them to his own use, and that the money obtained by plaintiff upon the note in suit had been applied by him in taking up the note that he should have paid with the proceeds realized by him from the sale of said capital stock.

The testimony as to the first of these defenses, namely, that the defendant signed the note in suit at the request of the plaintiff and upon the understanding that he would not be called upon to pay any part thereof, was conflicting, and the court resolved the conflict in favor of the plaintiff; and upon the objection by the plaintiff that it was "irrelevant, incompetent, and immaterial; there is but one issue in this case, and that is, did the defendant sign this note as an accommodation maker?" excluded all evidence offered for the purpose of proving the other facts pleaded as a defense.

We are clearly of the opinion that in excluding this evidence the court committed error to the prejudice of the defendant. The right given by section 1432 of the Civil Code to a joint obligor who satisfies more than his share of the claim against all to require proportionate contribution from all the parties joined with him, is based upon the principle of equity that one who has paid money which in equity and good conscience should be paid by another should be reimbursed therefor; and it is apparent that this equitable principle cannot be invoked by one who has paid no more than what he in equity and good conscience ought to have paid. If the facts above pleaded by the defendant were true, they showed that the plaintiff in paying the note in suit to the extent that he did was discharging a debt for the payment of which he had been furnished with funds by the person or corporation for whose benefit the original indebtedness represented by the note giving rise to the present suit had been contracted. He cannot be permitted to appropriate such funds to his own use; and then claim that because he had subsequently paid a note given by himself and others to take up the prior note which it was his duty individually to pay he may now turn around and exact contribution from the joint signers of the second note. Moreover, the proof of these last facts would have gone far toward establishing the defense of accommodation maker, for they would have shown that the proceeds of the note in suit were used exclusively to discharge the plaintiff's own obligation.

The pleading of these facts raised a material issue in the case. Evidence should have been admitted thereon and a finding made.

For the reasons given the appeal taken by the defendant from the judgment in plaintiff's favor should prevail, and the judgment is accordingly reversed.

Lennon, P. J., and Sturtevant, J., *pro tem.*, concurred.