No. 13,434.

SIMON *v.* WILNES.
(47 P. [2d] 406)

Decided May 27, 1935.   Rehearing denied July 1, 1935.

Mr. C. N. SIMON, for plaintiff in error.

Mr. THEODORE EPSTEIN, Mr. DONALD M. SHERE, for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS action by the plaintiff Soran Wilnes against the defendant Lincoln G. Simon was to recover judgment on Simon's promissory note to plaintiff of date January 20, 1922, for the sum of $3,000, payable six months after date

at Sidney, Nebraska, where the note was made and delivered to plaintiff. The complaint charges the necessary allegations in such cases as to the failure of payment by the defendant of the note, and specifically charges that before the due date thereof, as extended, defendant concealed himself and absented himself and absconded from the state of Nebraska so that process of law could not be served upon him, and that for more than nine years his whereabouts have been unknown and that, until about the time this action was brought, the plaintiff had not and could not obtain knowledge or information as to his residence.

To this complaint defendant filed his answer and an "amendment to answer." In the former he admits execution and nonpayment of the note, makes a code denial as to plaintiff's ownership thereof, seeks to explain his removal from Nebraska and gives reasons for frequent changes thereafter in his residence, says that the alleged cause of action in plaintiff's complaint did not accrue within six years next before the commencement of the action, and plaintiff's right of action on the note is thereby barred by the pertinent statute of limitations of Colorado. In a second defense of his answer defendant again pleads the statute of limitations of Colorado and the pertinent statute of limitations of Nebraska as a bar to the pending action in Colorado. In a third defense he pleads insufficiency of facts in the complaint to constitute a cause of action. Plaintiff's replication to the answer and amendment thereto was a denial of new matter therein. The plaintiff first moved for judgment on the pleadings, which motion was denied, as was defendant's motion to strike certain allegations in plaintiff's pleadings. Thereafter the defendant moved for judgment on the pleadings, which the court denied. Defendant thereafter filed an "amendment to answer" in which he pleads as a bar to plaintiff's action section 6408 of the 1921 Compiled Laws of Colorado. This section reads: "It shall be lawful for any person against whom an action shall be commenced

in any court of this state, wherein the cause of action accrued without this state, upon a contract or agreement expressed or implied, or upon a sealed instrument in writing, or upon a judgment or decree rendered in any court without this state, more than six years before the commencement of the action in this state, to plead the same in bar of the action in this state; *Provided,* That if said judgment or decree rendered without this state be based upon a cause of action which had accrued more than six years prior to the commencement of the action on such judgment or decree in this state, and the said judgment or decree had been rendered without this state more than three months prior to the bringing of such action thereon in this state, it shall be lawful for any person against whom any action or [on] such judgment or decree shall be brought to plead the same in bar thereof.''

Upon the issues thus made, trial was, by agreement of the parties, to the court without a jury, whose findings upon the issues of fact were in favor of plaintiff and judgment accordingly was rendered for him and against the defendant in the sum of $6,375 and costs.

In his assignments of error the defendant specifies twenty-five separate errors of the trial court in its various rulings. Upon this review each and every of the twenty-five alleged errors have received no consideration whatever by defendant and no point is made by him upon any of them. His only reliance for reversal, as repeatedly stated in his brief, is that the plaintiff's alleged cause of action is barred by section 6408, supra. The defendant says that section 6408, supra, should be by this court construed to read: ''It shall be lawful for any person, against whom an action shall be commenced in any court of this state wherein the cause of action accrued (arose) without this state, upon a contract or agreement expressed or implied, * * * more than six years before the commencement of the action in this state, to plead the same in bar of the action in this state.''

It has been a difficult task to determine just

what idea the defendant intends to convey by the language he has employed in his pleadings and in his briefs. In his original assignments of error he alleges in twenty-five separate paragraphs alleged errors of the trial court. Since, however, in his briefs in this court the defendant has not, as already stated, discussed a single one of these assignments, we shall neither comment nor pass upon them. The only error, as already indicated, upon which the defendant relies for reversal, and what he himself says is his only reliance, is that the trial court did not construe section 6408, supra, in accordance with his notion of its meaning. The defendant repeatedly states in his briefs that he relies for reversal solely upon the refusal of the trial court to put upon section 6408, supra, the meaning which he himself says it bears. The trial court, in passing upon the contentions of the defendant at the trial below, gave a complete and satisfactory answer thereto. In passing upon defendant's motion, upon which he relied for a dismissal of the action against him, the trial court said: "Counsel for the defendant relies, in support of his motion [the motion being for a directed verdict in favor of the defendant], upon Section 6408 of the Statutes of Colorado," above quoted. The court further said: "The Court construes this statute to mean that if a plaintiff's right to bring an action in another state than that of Colorado has elapsed more than six years prior to the time that the action is started in this state, thereupon this statute is effective and would bar prosecution of that action in this state; but under the admitted facts in evidence in this case, this cause of action was not and is not barred in the State of Nebraska at the present time, or at the time this case was started in Colorado, by the statute of limitations of Nebraska, because of the admitted absence of the defendant from the State of Nebraska continuously since August 1, 1922; and for that reason the Court is of the opinion that this section of the Colorado statute does not affect the situation here; that the cause of action is not barred in

Nebraska and is not barred in Colorado, and therefore the motion, as indicated by the Court, for a nonsuit will be denied.''

Thereupon the trial court said that under the evidence and admitted facts before the court, the defendant having rested on his motion for nonsuit, and refusing to offer any evidence, the court is of the opinion that the uncontradicted evidence of plaintiff justifies a verdict for him. And thereupon the court granted the motion of plaintiff for a judgment for a directed verdict in the sum of $6,375, the amount due on the note, against the defendant in favor of plaintiff. The trial court construed our section 6408, C. L. 1921, upon which the defendant solely relies, to mean—and we think rightly so—that if a plaintiff's right to bring an action in another state than that of Colorado has elapsed more than six years prior to the time that the action is started in this state, thereupon this statute is effective and would bar prosecution of that action in this state. The trial court further said and found that the cause of action set up in the complaint in this action is not barred in Nebraska and is not barred in Colorado. We say that section 6417 of our Compiled Laws requires the construction of said section 6408 here given.

After the printed briefs in this cause were filed plaintiff in error Simon filed a motion in which he asked to have stricken certain paragraphs of the answer brief of defendant in error Wilnes on the alleged ground that the same were false and scurrilous and were inserted in the brief of defendant in error for the purpose of besmirching plaintiff in error. These paragraphs, objectionable to the latter, might have been omitted. They are characterizations of the conduct of Simon, based upon his movements tending to show that he was attempting to avoid service of process. We deferred decision upon this motion at the time it was filed and the parties were informed that it would be considered and determined when the cause was reached for final decision on the merits. These

alleged false statements of Wilnes have not influenced this court in its decision on the merits of the cause on this the final determination. The motion to strike is denied. The judgment should be, and it is, affirmed.

MR. JUSTICE BURKE concurs.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE HILLIARD concur specially.

MR. JUSTICE BOUCK, MR. JUSTICE HOLLAND and MR. JUSTICE YOUNG dissent.

MR. CHIEF JUSTICE BUTLER, concurring.

For the following reasons, I concur in the affirmance of the judgment:

Three sections of our Compiled Laws should be considered. Section 6407 provides that where a cause of action has arisen in another state or territory or in a foreign country, and the action is barred there by reason of the lapse of time, an action thereon cannot be maintained in this state. Under the Nebraska statute, the action was not barred in that state because the defendant's absence therefrom stayed the running of the Nebraska limitation statute. Hence, section 6407, supra, did not bar the present action. Section 6408, so far as pertinent, provides: "It shall be lawful for any person against whom an action shall be commenced in any court of this state, wherein the cause of action accrued without this state, upon a contract * * * more than six years before the commencement of the action in this state, to plead the same in bar of the action in this state * * *." As the cause of action accrued without the state of Colorado more than six years before the commencement of the action, suit thereon would be barred were it not for section 6417, which provides: "If, when a cause of action accrues against a person, he is out of the state * * * the period limited for the commencement of the action by *any* statute of limitations shall not begin to run until he comes

into the state * * *; and if, after the cause of action accrues, he depart from the state * * * the time of his absence * * * shall not be computed as a part of the period within which the action must be brought." That section applies, of course, to absence from the state of Colorado, not to absence from another state or from a territory or foreign country. If the section were intended to cover the latter situation, it would have said "out of the state, territory or foreign country where the cause of action accrued," and "depart from such state, territory or foreign country."

The cause of action accrued in Nebraska June 20, 1922. The defendant came to Colorado from that state on August 1, 1922, and remained until some time in January, 1926, and then went to Florida. He remained there until March, 1926, and then went to Oklahoma. He returned to Colorado on March 30, 1931, and remained here. The suit was commenced in this state on July 29, 1932. Since August 1, 1922, the date when the six-year period prescribed by our statute of limitation began to run, the defendant was in this state a total period of four years and nine months prior to the commencement of this suit and was out of the state the rest of the time. It is obvious, therefore, that the cause of action was not barred by section 6408, supra.

Mr. Justice Hilliard, concurring.

I concur in the affirmance of the judgment. The undenied and unexplained absence of the defendant from Nebraska, detailed in the opinion of Mr. Justice Campbell and the concurring opinion by Mr. Chief Justice Butler, so operated that had action been instituted in that state the statute of limitations. there would not have availed the debtor. This, not controverted, clearly appears from section 20-214, Compiled Statutes of Nebraska, 1929, introduced in evidence. Defendant's sole reliance is section 6408, C. L. 1921. This section is numbered 2 of an act entitled "Limitations-Causes Arising Outside of State"

(c. 171, Session Laws 1921, p. 579). The legislature set forth the limitation of the right to maintain an action under defined conditions, and provided the procedure in relation thereto. Section 1 of the 1921 act (§6407, C. L.) evidenced the purpose of the general assembly to afford to a debtor sued in Colorado relief from a creditor seeking judgment on a debt barred in the jurisdiction where the cause arose; and section 2 (§6408, C. L.) authorized the debtor to plead the bar contemplated in the first section. The record considered, I do not think it was the legislative intent that the debtor, unable to bring himself within the provisions of section 1 of the act, could nevertheless invoke section 2, and thereby avoid the obligation of his Nebraska debt when the Nebraska statute would not have absolved him. In its application here, I think the act should be construed as an entirety, the two sections not to be disassociated.

MR. JUSTICE YOUNG, dissenting.

From the opinion of the court and from the specially concurring opinions of Mr. Chief Justice Butler and Mr. Justice Hilliard I respectfully dissent.

In the opinion of the court it is stated: "The trial court construed our section 6408, C. L. 1921, upon which the defendant solely relies, to mean—and we think rightly so—that if a plaintiff's right to bring an action in another state than that of Colorado has elapsed more than six years prior to the time that the action is started in this state, thereupon this statute is effective and would bar prosecution of that action in this state. The trial court further said and found that the cause of action set up in the complaint in this action is not barred in Nebraska and is not barred in Colorado." If I rightly understand the above statement, translated into concrete terms, it means if the plaintiff's right to bring an action in Nebraska has elapsed (passed away)—that is, come to an end—and it has elapsed or come to an end more than six years before the time the action is started in Colo-

rado, then section 6408 would bar prosecution of the action in this state. In other words, the opinion holds that the statute does not begin to run in Colorado until the plaintiff's right to bring the action in Nebraska has ceased, which is directly contrary to the provision of section 6407, which says that when the cause is barred in Nebraska by their statute of limitations it is barred in Colorado.

It is apparent that the construction of section 6408 indicated by the foregoing quotation is utterly at variance with the construction placed on this statute in the specially concurring opinion of Mr. Chief Justice Butler, for he states in that opinion: ''As the cause of action accrued without the state of Colorado more than six years before the commencement of the action, suit thereon would be barred were it not for section 6417, * * *.'' The construction given in the principal opinion, which does not consider the effect of section 6417, requires at least twelve years for the statute to run in Colorado from the date of the accrual of the cause in Nebraska, while the construction given in the specially concurring opinion raises the bar, without consideration of section 6417, in six years if the cause accrues in a foreign jurisdiction.

It is admitted that this cause of action accrued in the state of Nebraska more than six years before suit was instituted in Colorado. The two sections of our Compiled Laws that apply specifically to causes of action accruing in foreign states are as follows: ''6407. Causes barred in state of origin.—Sec. 16. When a cause of action has heretofore arisen, or hereafter arises in another state or territory or in a foreign country, and by the laws thereof an action thereon cannot be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this state.'' ''6408. Causes accruing outside of state—Six years' limitation —Action on foreign judgment.—Sec. 17. It shall be lawful for any person against whom an action shall be commenced in any court of this state, wherein the cause of

action accrued without this state, upon a contract or agreement expressed or implied, or upon a sealed instrument in writing, or upon a judgment or decree rendered in any court without this state, more than six years before the commencement of the action in this state, to plead the same in bar of the action in this state; Provided, That if said judgment or decree rendered without this state be based upon a cause of action which had accrued more than six years prior to the commencement of the action on such judgment or decree in this state, and the said judgment or decree had been rendered without this state more than three months prior to the bringing of such action thereon in this state, it shall be lawful for any person against whom any action or [on] such judgment or decree shall be brought to plead the same in bar thereof.''

It is unquestionably true that if the defendant had been sued in Nebraska on the same date that he was sued in Colorado, the cause was not barred in the state of Nebraska. Therefore, section 6407 has no bearing on the question here involved, because the facts that call for its application do not exist. Section 6408 was the statute of limitations urged by the defendant in the lower court and relied upon in this court, as barring this claim. The section is in fact a statute of limitations in that it fixes a period of time, the passage of which bars a suit in Colorado. The beginning of that period of time is fixed as the date the cause of action accrues in the foreign state. The extent of time required to bar the action is fixed as the period of six years following the date of accrual in the foreign state. The length of time prescribed is clear and unequivocal. There are no exceptions to extend the time fixed by that section of the statute. Section 6408, together with section 6407, constitute an entire act of the legislature entitled: ''An Act Prescribing Limitations on Actions Based on Causes of Action Arising Outside of this State.'' Session Laws 1921, chapter 171, page 579.

As before pointed out, Mr. Chief Justice Butler in his

specially concurring opinion admits, and we think rightly so, that section 6408 standing alone bars the action, but contends that section 6417 applies both to causes of action accruing within and without Colorado and must be read in connection with section 6408, and, reading the two statutes together the cause is not barred. Strictly speaking, section 6417 is not a statute of limitations. It fixes no time within which any action of any character shall be barred. It furnishes merely a rule of construction to be applied in determining whether the time fixed by other statutes has run. Some other statute must be consulted to ascertain the period of time that must elapse to constitute a bar after a man subject to suit on a cause arising in a foreign jurisdiction comes into the state of Colorado. There are only two sections that conceivably could supply this information. One is section 6392, C. L. 1921. The provisions of this section so far as here necessary to be considered are as follows: ''6392. What actions are barred in six years.—Sec. 1. The following actions shall be commenced within six years, next after the cause of actions shall accrue, and not afterwards: First—All actions of debt founded upon any contract or liability in action. * * *.'' These provisions have not been changed for many years. They appear in the general statutes in section 2163. The other, section, *a later enactment,* from which conceivably this information might be secured, is section 6408, supra. Since this cause arose in a foreign jurisdiction, and since the title of the act, of which section 6408 is a part, expressly provides that it shall relate to causes arising in foreign jurisdictions, it seems reasonable to look to this act to determine the period of the statute of limitations for claims arising in foreign jurisdictions.

There is inherent evidence in section 6408 that the legislature intended, as a matter of public policy, to provide that after the lapse of six years from the date a cause of action accrued in a foreign jurisdiction it should be barred in Colorado. This section provides that after a

judgment is procured in a foreign jurisdiction on a cause of action that arose more than six years *before the commencement of the action in this state,* the holder of such judgment shall have only three months within which to bring suit on such judgment in Colorado. If it were not the policy of the state to bar the bringing of an action with the lapse of six years after its accrual, it is inconceivable that the legislature would have followed the cause on which a foreign judgment is procured to the date of its accrual to fix the beginning of the period that raises the bar in Colorado and have given only three months after the rendition of that judgment to bring suit in Colorado. In my opinion the proper construction of 6417 is that it applies only to causes of action accruing in the state of Colorado. Counsel for defendant in error, the plaintiff below, place this construction on the statute in their brief, for they say: ''In reading statutes and interpreting them we must read all the statutes of limitations that are applicable to the case at bar in order to determine the intent and meaning of the particular statute referred to. The law of this State in regard to limitations of causes of action is as follows: * * * 3. Actions *accruing in the State of Colorado* or after such accrual, when the defendant departs, absents or conceals himself, no period of the time of such absence or concealment shall be computed in determining whether the six-year period has elapsed. (Sec. 6417, Compiled Laws of 1921.)'' Not only do they make the foregoing statement in their brief but they cite the case of *Powers Merc. Co. v. Blethen,* 91 Minn. 339, 97 N. W. 1056, construing section 5146 of the Minnesota statutes, which is substantially the same as section 6407 of our statutes, and section 5145 of the Minnesota statutes, which is substantially the same as section 6417 of our statutes. With reference to the construction to be placed upon the two sections the court uses the following language: ''Now, if we read sections 5145 and 5146 in the light of their history, it is fairly clear, and we so hold, that they do not refer to the same

class of actions; that section 5145 refers to actions the subject-matter of which arises or originates in this state and the debtor is out of the state when the cause of action accrues or afterwards departs therefrom; that in such case the time the debtor is out of the state is no part of the time limited for the commencement of the action; and, further, that section 5146 applies to causes of action not covered by section 5145—that is, to actions the subject-matter of which arises out of the state; and, further, that in such a case, if the cause of action is barred by the statute of limitations of a foreign jurisdiction, it is also barred in this state, except in favor of a citizen thereof who has had it from the time it accrued.''

The cause of action herein sued on accrued in Nebraska June 20, 1922, and defendant came to Colorado from that state August 1, 1922. In the concurring opinion of Mr. Chief Justice Butler he states: ''Since August 1, 1922, the date when the six-year period prescribed by our statute of limitation began to run, the defendant was in this state a total period of four years and nine months prior to the commencement of this suit and was out of the state the rest of the time. It is obvious, therefore, that the cause of action was not barred by section 6408, supra.'' If the full period of six years is to be allowed after the defendant comes into the state, then section 6408 adds nothing to section 6392, which provides that all actions of debt founded upon any contract shall be commenced within six years next after the cause of action accrues and not afterward.

If section 6417 is construed as referring to causes arising without the state of Colorado, it makes the passage of 6408 of no force or effect, because it takes care of no situation on causes of action arising on a contract in a foreign jurisdiction for which provision is not already made by section 6392. Some meaning should be given to 6408, and it will have a meaning if 6417 is construed as referring only to causes accruing within Colorado.

For the reasons stated the judgment of the trial court

should be reversed and the cause should be remanded with instructions to dismiss the action.

Mr. Justice Bouck and Mr. Justice Holland concur in this dissenting opinion.