[L. A. No. 16926.   In Bank.—March 30, 1939.]

ASSOCIATED CONSTRUCTORS, INC. (a Corporation), Plaintiff, v. ALFRED E. PAONESSA et al., Respondents; HAROLD FISCH et al., Appellants.

Edward Flam for Appellants.

Ralph D. Paonessa, Hal Hughes and G. Vernon Brumbaugh for Respondents.

THE COURT.—On September 11, 1933, a judgment in the sum of $2,520 was entered in favor of the defendants upon their cross-complaint in the above-entitled action against the plaintiff, Associated Constructors, Inc., a corporation. Thereupon the plaintiff and cross-defendant appealed from the judgment, and at the instance of the appellant, Harold Fisch and Laura Fisch offered themselves as sureties upon an undertaking to stay execution of the judgment pending the appeal. On November 8, 1933, the respondents filed a notice of exception to the form of the undertaking on appeal, as well as to the sufficiency of the sureties therein, and on November 15, 1933, the objections to the sufficiency of the sureties and to the form of the undertaking were sustained. On the same date, the above-named sureties filed another undertaking, in proper form, which also was excepted to by the respondents, and hearing thereon was had on November 22, 1933. Upon failure of the sureties again to qualify, a new undertaking to stay execution was filed by the appellant therein, in which the Coast Surety Company, a corporation, then qualified to execute surety bonds, was named as surety. The surety in the last-mentioned undertaking was justified, accepted by respondents and the said undertaking filed, staying execution pending the appeal.

More than two years later, to wit, on December 16, 1935, under the provisions of section 954, Code of Civil Procedure, on the ground that said surety company had become insol-

vent, the respondents filed an affidavit and notice of motion for an order requiring a new undertaking to be given in the place and stead of that executed by the Coast Surety Corporation. No reference was made to the proposed undertakings theretofore offered by Harold and Laura Fisch, either in the motion or the affidavit with regard to the giving of a new bond following the asserted insolvency of the Coast Surety Company; and it appears that neither of them was made a party to those proceedings. However, the motion was allowed to go "off calendar", and no further steps were taken by respondents looking to the acquisition of additional security pending the appeal. In due course, the judgment in favor of the respondents and cross-complainants was affirmed. A summary judgment against Harold and Laura Fisch, as well as against the surety company, was thereafter entered.

The instant appeal is presented by said Harold and Laura Fisch, and is from the denial of a motion filed on their behalf, under section 473, Code of Civil Procedure, to have the said summary judgment set aside as far as the said appellants Fisch were affected.

The question presented is whether the undertaking of the surety company should be considered "cumulative", that is, as additional security to that offered by the appellants Fisch, in which event the latter would become cosureties with the said surety company,—or whether the undertaking that was furnished by the surety company must be deemed to have superseded that which was offered by the said appellants and rejected by the respondents and the trial court.

In 50 Corpus Juris, page 281, it is said: "Sureties on successive bonds for the same obligation are cosureties if the bonds *remain in force* and are merely cumulative, but not where the latter bond supersedes the former, and the liability of the surety on the first bond terminates as to the future when the second is given. . . . " (Emphasis added.)

The appellants contend that under the provisions of section 948, Code of Civil Procedure, having failed to justify, they were superseded as sureties by the second undertaking, which they assert is deemed to relate to the time of the filing of the first undertaking and thus renders the first bond of no further avail to the respondents. On the other hand, the respondents contend that the rule is that sureties who fail to justify are not relieved from liability,—relying in par-

ticular upon the case entitled *McColgan* v. *Scoble,* 2 Cal. (2d) 285 [40 Pac. (2d) 483]. In that case, the plaintiff in an ejectment action recovered judgment for possession of the property and for money damages. The defendants appealed and gave an undertaking staying execution on the judgment. The plaintiff excepted to the sufficiency of the sureties and a day was noticed for their justification. The time thus noticed was continued by stipulation of the attorneys on several occasions, the last continuance carrying the time beyond the statutory period of twenty days within which sureties might justify under the provisions of section 948, Code of Civil Procedure. No further attempt was made to have the sureties justify, and no undertaking was given in the place of that executed by said sureties. Thereafter, at the request of the defendants, the appeal was dismissed and, upon the going down of the *remittitur,* the plaintiff moved that judgment be entered in his favor against the appellant sureties for the amount specified in the undertaking. It was contended that where the respondent on appeal had excepted to the sufficiency of the sureties on an undertaking to stay execution, and the sureties had failed to justify within twenty days after the appellant had been served with notice of such exception, the sureties were no longer bound; and that judgment entered against them on the undertaking was erroneous. It was there held, however, that the failure of the sureties to justify within the time allowed after notice of the respondent's exception to the sufficiency of the sureties did not release the sureties from their undertaking, but merely operated to "vacate the stay" of execution and that thereafter the respondent was entitled to proceed against the sureties on the undertaking, or to enforce the judgment by execution. The particular language in that decision relied on by respondents here is the statement that "Under the authority of *Fried* v. *Rivkin* [96 Misc. 697 (161 N. Y. Supp. 94)], . . . , we are of the opinion that the appellants as sureties on the undertaking which was the subject of this action were not released by their failure to justify after the respondent had excepted to their sufficiency, and that they are bound by the judgment herein, which was entered against them for the amount specified in said undertaking." However, no question was presented in that case with regard to a substitution of "other" sureties, under section 948, Code of Civil Pro-

cedure, in the place of those who theretofore had offered themselves and who had failed to justify within the time prescribed by that section, as is the situation in the instant case. What was said by the court in that case necessarily was applicable only to the facts there presented. It will be noted that in making the statement relied on here, in part the court said: " . . . we are of the opinion that the appellants as sureties *on the undertaking which was the subject of this action* were not released, . . . " (Emphasis added.) By its use of the emphasized words it is clear that in that case the court intended to limit the ruling to the facts there involved.

Counsel for respondents point to no decisions either in this jurisdiction or elsewhere which hold sureties liable where, pursuant to statutory provision therefor, they have filed an undertaking on appeal which, in effect, has been rejected by the court and the respondent for failure of the sureties to justify thereon, and which original undertaking, for that reason and in compliance with the statutory provisions, has been supplanted by another undertaking with different sureties, on which undertaking the sureties have succeeded in qualifying, and by reason whereof the execution of the judgment has been effectually stayed. Neither have the appellants cited any case which directly sustains their position. However, they rely upon the following statement found in the case entitled *Lee Chuck* v. *Quan Wo Chong Co.*, 81 Cal. 222 [22 Pac. 594, 15 Am. St. Rep. 50], which they contend places the proper interpretation upon the provisions of section 948, Code of Civil Procedure:

"If the sureties are insufficient pecuniarily, the opposite party has his remedy under section 948 [Code Civ. Proc.] He may, as provided in that section, except to the sureties at any time within thirty days after the filing of the undertaking. And unless they *or other* sureties, justify as therein provided, within twenty days after the appellant has been served with notice of such exceptions, 'execution of the judgment, order, or decree appealed from *is no longer stayed*'. That is, the proceedings are stayed until the necessary exceptions are made, and time given for the sureties to justify, and no longer. It necessarily follows that if the same or other sureties do justify within the time allowed, the stay

*continues,* and the liability of the new sureties relates back to the time of the first stay. . . . ''

Appellants also direct attention to a statement of the law found in 4 Corpus Juris, page 1289, wherein it is said that where the second bond ''is not intended as additional security, but is given, in accordance with statutory requirement, to supersede the first, it discharges the first''.

■ The pertinent language of section 948, Code of Civil Procedure, is that upon exception to the proposed sureties '' . . . unless they *or other sureties,* within twenty days after the appellant has been served with notice of such exception, justify before a judge of the court below, . . . execution . . . is no longer stayed''. (Emphasis added.)

The apparent effect of the provisions of that section is that it is incumbent upon an appellant who may desire to stay execution of a judgment pending an appeal either, in the first instance, to provide sureties who can ''justify'', or, upon their failure in that regard, to offer ''other'', or different, sureties for the purpose of qualifying on an undertaking. Consequently, on failure of the first sureties to justify, the proposed sureties who are next offered and who may succeed in qualifying, must be deemed to have been intended to take the place of, or to have thereupon superseded, the former proposed sureties. ■ It will be observed that on failure of the first sureties to justify, the statute does not provide for the justification of ''further'' or of ''additional'' sureties; it provides that ''unless they or *other* sureties'' justify, execution will not be stayed. (Emphasis added.) This language must mean that, upon failure of the first proposed sureties to qualify, an entirely new undertaking must be given in lieu of the original undertaking. Furthermore, if the first sureties have been found not to be financially responsible for the purposes of the bond, it would seem not only inconsistent, but also unjust, for the respondent, nevertheless, to seek to impose liability upon them as cosureties at a time subsequent to that on which they had been superseded by other sureties whose financial qualifications *had been accepted* by the respondent. We think that it was not intended by the legislature that the section here in question was to have the meaning contended for by respondents herein.

■ Another reason suggests itself why sureties who may fail to qualify on a first undertaking were not intended to

be held liable under the circumstances here presented, in that, under section 954, Code of Civil Procedure, the legislature has made provision for adequate protection of a respondent who, pending appeal, may have reason to believe that sureties on an undertaking which has been accepted as an appeal bond have become insufficient for that purpose. Under that section, it is provided that: ''When it is made to appear to the satisfaction of the court or a judge thereof, from which the appeal was taken, that a surety or sureties upon an appeal bond from any cause has or have become insufficient, and the bond or undertaking inadequate as security for the payment of the judgment appealed from, . . . the last-named court, or a judge thereof, may order the giving of a new bond with sufficient sureties, as a condition to the maintenance of the appeal. . . . ''

As hereinbefore has been stated, pending the appeal, at a time when knowledge of the insolvency of the surety company was brought to their attention, the respondents availed themselves of the provisions of section 954, Code of Civil Procedure, by filing the motion relating thereto which was subsequently ordered ''off calendar''. The fact that thereafter respondents failed to pursue their remedy in that regard cannot operate to impose liability upon the appellants, whose undertaking lost its force and effect at the time it was superseded by that of the surety company.

From that which has been said hereinbefore, it follows that the order appealed from should be, and is, reversed; and directions are hereby given to the trial court to enter an order in conformity with the views herein set forth.

Rehearing denied.