No. 15,717.

WEINBERGER *v.* FITZSIMONS ET AL.
(184 P. [2d] 1014)

Decided September 15, 1947.   Rehearing denied October 6, 1947.

Mr. FRANK A. SAFRANEK, Messrs. AUSTIN & KONKEL, for plaintiff in error.

Messrs. Munson, Sauter & Kreager, for defendants in error.

In Department, before: Mr. Chief Justice Burke, Mr. Justice Hilliard and Mr. Justice Luxford.

Per Curiam.

These parties appear here in the same order as in the trial court and are hereinafter referred to as there.

This is a suit on a promissory note, for approximately $7,000.00, signed by defendants and owned by plaintiff. It fell due December 11, 1932, and this action was commenced in August, 1945.

The trial court held it barred by the applicable statute of limitations and entered judgment for defendants. To review that judgment plaintiff prosecutes this writ.

The facts are not in dispute. The note was signed in Logan county, Colorado, and mailed to Nebraska. Defendants then were, and still are, residents of Logan county. They pleaded both the Colorado and Nebraska statutes of limitation. It is conceded that if this is a Nebraska contract and action were instituted there it would not be barred because the Nebraska statute, similar to ours, stops the running of the statute during nonresidence. Revised Statutes of Nebraska 1943, c. 25, §214. It is also conceded that if this were a Colorado contract, action is barred by section 1, chapter 102, '35 C.S.A. If it is a Nebraska contract the court held it barred here by section 18, id. Therefore the court declined to say which statute was applicable.

Counsel for plaintiff contends that we have held an action not barred in the state of the contract is not barred in Colorado, whereas in that case we simply held the action not barred here because the maker of the note had not been here six years. *Simon v. Wilnes,* 97 Colo. 78, 47 P. (2d) 406. While not directly in point, be-

cause of divergent facts, the reasoning in the Simon case, as well as that of the Newton case, tends to support the conclusion of the trial court here. *Newton v. Huber*, 111 Colo. 76, 137 P. (2d) 776. However, the trial court's conclusion requires no support from adjudicated cases. The two Colorado statutes cited are too clear for confusion, particularly when read in connection with section 17, id.

The judgment is accordingly affirmed.

In this case acknowledgment is made of the gratuitous and valuable services of the Honorable Robert W. Steele, district judge, as referee under our Rule of June 9, 1947.