Joseph W. SCHOENFELD, and Gladys W. Schoenfeld, Plaintiffs-Appellants,

v.

R. E. NEHER and Marjorie E. Neher, Defendants-Appellees.

No. 174-69.

United States Court of Appeals, Tenth Circuit.

June 29, 1970.

John A. Kintzele and Peter J. Wall, Denver, Colo., for plaintiffs-appellants.

John Robert Evans, Denver, Colo., for defendants-appellees.

Before MURRAH, PICKETT and HILL, Circuit Judges.

PICKETT, Circuit Judge.

This litigation arose out of a situation in which the parties, by separate instruments of different dates, undertook to guarantee obligations of a California corporation [1] for advances made by Farmers and Merchants Bank of Long Beach, California. The guaranty of the appellants Schoenfelds was a continuing one for all advances by the Bank not to exceed a total of $600,000. The Neher guaranty was for $25,000 limited to one obligation. On April 8, 1964, the Schoenfelds settled with the Bank for the obligation which the Nehers had also guarantied in part and took an assignment of the principal note and the Neher guaranty. More than two years thereafter, the Schoenfelds sued the Nehers in Colorado to recover on the guaranty. The trial court held that the action was one for contribution from a co-surety which was barred by the California two-year statute of limitations (Cal.Civ.Pro. § 339–West Supp.1970) and dismissed the action.

The essential facts are not in dispute, a summary of which will suffice. In February, 1962, Schoenfeld was one of the principal stockholders of the car leasing corporation organized in California for the purpose of purchasing automobiles for lease to the public. Farmers and Merchants Bank of Long Beach, California undertook most of the necessary financing for the venture. Basically, the arrangements with the Bank required corporate notes for advances to be secured by pledge of titles to pur-

chased automobiles, together with the leases on such vehicles. The Schoenfelds' general guaranty also secured these loans. In March, 1962, the corporation agreed with Travelers Village, Inc., a Washington corporation, to acquire 100 house trailers and lease them to Travelers to be rented as lodging facilities during the Seattle World's Fair. The Long Beach Bank financed this venture, which was considered to be within the Schoenfeld guaranty.

The Travelers Village, Inc., project in Seattle was short lived. On June 22, 1962, the Washington Bankruptcy Court took possession of its assets. At that time, Neher, a resident of Colorado, came into the picture, organizing Continental Car Leasing Corporation, a Colorado corporation, for the purpose of acquiring the assets and business of the original California corporation, which was also having financial problems. In the process of acquiring assets held by the Bank as security for loans of the California corporation, Neher and his wife, together with Doak Walker II and wife, guaranteed the Bank against loss on the Seattle project to the extent of $25,000. After litigation in the bankruptcy court, the claim of the trustee in bankruptcy to Travelers' assets was settled, leaving a deficiency due the Long Beach Bank. The Bank then made demand upon the Schoenfelds, Nehers and Walkers, as guarantors, to the extent of their liability for the deficiency. In the meantime, Schoenfeld had sold his interest in the leasing corporation. In April of 1964, Schoenfeld settled the entire Bank claim for $24,307.13.[2] Schoenfeld brought this action on April 18, 1968. The trial court held that the Schoenfelds, Nehers and Walkers, as co-guarantors of the Travelers' note, were equally liable to the extent of the guaranties and that upon payment by the Schoenfelds the contributive

---

1. The original name of this corporation was Continental Car Leasing Corporation. The name was later changed to K–Y Car Leasing Corporation.

2. The record indicates that of the $24,-307.13 which the Schoenfelds paid to the Bank, only $14,700 of that amount was principal and interest due on the note which was guarantied by the Nehers and the Walkers.

share of the Nehers was $2,450 each. The trial court also held that although the Nehers were residents of Colorado, they were frequently in the State of California after the cause of action arose and were, therefore, amenable to process during the period of the statute of limitations. Consequently, the court concluded that the tolling provision of the California statutes was not applicable.

The Schoenfelds claim that when they paid the principal obligation to the Bank they were subrogated to the rights of the Bank, including the $25,000 guaranty of the Nehers, and should be permitted to recover the full amount thereon. The Nehers contend that under California statutes no recovery can be had upon the theory advanced by the Schoenfelds. We agree with the trial court that the Nehers and the Schoenfelds undertook to guarantee the Bank on the Seattle note, and if the Nehers were co-guarantors, they were liable for their pro rata share of the amount paid based upon their limited guaranty of $25,000.

■ The Schoenfelds argue that the basic element of common liability is missing because of the difference in the two instruments relating to time, guaranties, the extent and purpose of the Neher coverage, liability for attorney fees, and that one of the instruments "fathered the corporation and the other annihilated it." It is true that the two instruments were executed at different times and for different amounts, but each was given to the same principal to secure payment of the same note. Neither the Schoenfelds nor the Nehers were obliged to pay until there was a default on the part of the debtor corporation. Upon default of the debtor, each was bound to the creditor for the full amount of their guaranty. It is not material that the obligations were created by separate instruments at different times and the extent of liability was not the same. Associated Constructors v. Paonessa, Cal.App., 81 P.2d 461 (1938), rev'd on other grounds, 13 Cal. 2d 241, 88 P.2d 924 (1939). See Restatement of Security, § 144 (1941);

Stearns, The Law of Suretyship, § 11.19 (5th ed. 1951).

■ As a general rule, the equitable right of contribution arises when one party, as a co-surety who is equally liable with another to discharge an obligation, pays more than his proportionate share. 13 Am.Jur. Contribution, §§ 6, 7 (1938); Phillips-Jones Corp. v. Parmley, 302 U.S. 233, 58 S.Ct. 197, 82 L.Ed. 221 (1937); Vickers Petroleum Co. v. Biffle, 239 F.2d 602 (10th Cir. 1956); Berylwood Inv. Co. v. Graham, 43 Cal.App.2d 659, 111 P.2d 467 (1941); Pacific Freight Lines v. Pioneer Express Co., 39 Cal.App.2d 609, 103 P.2d 1056 (1940); Jackson v. Lacy, 37 Cal.App.2d 551, 100 P.2d 313 (1940); Owens v. Greenlee, 68 Colo. 114, 188 P. 721 (1920); Worthington v. Keely, 64 Colo. 91, 170 P. 194 (1917).

■ Generally, the doctrine of contribution does not apply if the claimant is primarily liable to discharge an obligation, and a co-obligor is only secondarily liable. Restatement of Restitution, § 81, comment (b) (1937). These rules are codified in California Statutes, Cal.Civ., §§ 2848 and 2849 (West 1954). It has been said that "(w)here two persons are bound to a common duty and there is nothing in an agreement, stipulation, or the nature of the transaction from which to determine their mutual liability, the equitable conclusion is that they share the burden." Restatement of Security, § 146, comment (b) (1941); cf. Jorski Mill & Elevator Co. v. Farmers Elevator Mut. Ins. Co., 404 F.2d 143 (10th Cir. 1968).

The case was not tried upon the theory of liability of the Nehers for contribution. The Schoenfelds were insisting on full recovery while the Nehers claimed no responsibility on their guaranty to the Schoenfelds. The case was presented here in the same manner. But, as recognized by the trial court, the record clearly shows the claim to be based on the relationship of sureties for the payment of the same note. The Schoenfelds' right to recovery, if any, originates in the Neher guaranty given the Bank to secure

an obligation which was discharged by the Schoenfelds. As it is necessary that the case be returned to the district court, we think it desirable that further proceedings be had there, including additional evidence, if requested by either party, to ascertain the true relationship of the two sureties to each other.[3] If the Nehers are again found to be co-sureties, their liability as such should be computed on a basis proportionate to the obligation of the other sureties.

■ Upon the issue of the statute of limitations, § 339 of the California Code of Civil Procedure provides that "(a)n action upon a contract, obligation or liability not founded upon an instrument in writing" is barred unless brought within two years after the cause of action accrued. It is conceded that the cause of action arose in California more than two years prior to the commencement of the action in Colorado, and that the two-year statute is applicable if the nature of this suit is for a contribution from a co-surety. See Jackson v. Lacy, *supra*. The section of the California Code of Civil Procedure referred to as the "tolling statute" is as follows:

*"EXCEPTION, WHERE DEFENDANT IS OUT OF THE STATE.*

If, when the cause of action accrues against a person, he is out of the State, the action may be commenced within the term herein limited, after his return to the State, and if, after the cause of action accrues, he departs from the State, the time of his absence is not part of the time limited for the commencement of the action." Cal.Civ. Pro. § 351 (West 1954).

The trial court held that this section did not toll the action in California because of the occasional visits of the Nehers to California during the two years immediately following the date when the

cause of action accrued. Steiner v. 20th Century-Fox Film Corporation, 232 F.2d 190 (9th Cir. 1956), was relied upon. The *Steiner* case held that the statute of limitations was not tolled in an action against the defendant foreign corporation because the California Corporation Code provides that in appropriate cases service of process on such a corporation could be perfected by service on the secretary of state; therefore, under the statute, the corporation was amenable to service of process at all times and the tolling statute was not applicable. The case is clearly distinguishable. No authority is cited for the proposition that the occasional presence of a nonresident in California after a cause of action has accrued there, regardless of the total time that the nonresident was within the state, would prevent the tolling of the statute of limitations. The California courts have construed the tolling statute as applicable to residents and nonresidents alike. In Foster v. Butler, 164 Cal. 623, 130 P. 6, 7 (1913), the court said:

"* * * To bring the plaintiff within the exception of section 351, it would have been necessary to show that he was not in fact within the state for periods aggregating two years between the accrual of a cause of action against him and the commencement of the action. The section does not assume to deprive nonresidents of the benefits of the statute of limitations. What it does is to exclude from computation the time during which any defendant, resident or nonresident, may have been out of the state. The force of this distinction was evidently recognized by the defendants themselves, for in their answer they do not content themselves with alleging that Foster was a nonresident, but aver, in addition, that he had been absent from the state since the 28th day of March, 1901. The latter averment, however, did not find

---

3. In Jorski Mill & Elevator Co. v. Farmers Elevator Mut. Ins. Co., *supra*, the elements usually necessary to show a co-surety relationship were present but additional facts established that one of the sureties was a supplemental or sub-surety.

**156**

its way into the agreed statement of facts."

See also Schneider v. Schneider, 82 Cal. App.2d 860, 187 P.2d 459 (1947); Cvecich v. Giardino, 37 Cal.App.2d 394, 99 P.2d 573 (1940).

Neher and his wife were never residents of California. Although Neher had business interests and was physically present there at various times, no contention is made that he was in California for an aggregate of two years after the cause of action arose. We are convinced that had the suit been brought in California and personal service of process been obtained on the Nehers there, the California courts would have held that the two-year statute of limitations was tolled by the absence of the defendants.

■■■ This brings us to the question of whether in this case the California tolling statute is also applicable in Colorado. Colo.Rev.Stat.Ann. § 87–1–19 (1963) provides:

> "When a cause of action arises in another state or territory or in a foreign country, and by the laws thereof an action thereon cannot be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this state."

It is urged that this "borrowing statute" relates only to foreign statutes of limitation and not to tolling statutes. In construing this section we interpret the Colorado Supreme Court decisions to hold that if an action is not barred in the state where the cause of action arose because of the defendant's absence therefrom, it is not barred in Colorado. Newton v. Mann, 111 Colo. 76, 137 P.2d 776 (1943); Simon v. Wilnes, 97 Colo. 78, 47 P.2d 406 (1935); see also Smith v. Kent Oil Co., 128 Colo. 80, 261 P.2d 149 (1953); Weinberger v. Fitzsimons, 117 Colo. 170, 184 P.2d 1014 (1947).

Reversed and remanded for further proceedings according to the views herein expressed.