Joseph W. SCHOENFELD and Gladys W. Schoenfeld, Plaintiffs-Appellants and Cross-Appellees,

v.

R. E. NEHER and Marjorie E. Neher, Defendants-Appellees and Cross-Appellants.

Nos. 71–1137, 71–1138.

United States Court of Appeals, Tenth Circuit.

Jan. 18, 1972.

John A. Kintzele, Denver, Colo., for appellants and cross-appellees.

Ronald J. Miller, Denver, Colo., for appellees and cross-appellants.

Before JONES,* HILL and BARRETT, Circuit Judges.

HILL, Circuit Judge.

This is the second time this case has been before this Court. In the first appeal, we remanded for further proceed-

* Of the Fifth Circuit, sitting by designation.

ings to determine the relationship between the two parties. Schoenfeld v. Neher, 428 F.2d 152 (10th Cir. 1970). The trial court, after further proceedings, determined the relationship to be that of co-sureties, imposed liability for the proportionate share of each's guaranty, and allowed interest. There being no dispute of fact, the facts as set out in our previous opinion will suffice here and need not be reiterated.

█ The Schoenfelds appeal from the trial court's finding of co-suretyship, assail that determination, and additionally assert a five-pronged defense contending they are entitled to full indemnity from the Nehers. The Schoenfelds first raise certain "obvious differences".[1] We were not previously convinced by these asserted differences, nor are we now convinced.

It is true that the two instruments were executed at different times and for different amounts, but each was given to the same principal to secure payment of the same note. Neither the Schoenfelds nor the Nehers were obliged to pay until there was a default on the part of the debtor corporation. Upon default of the debtor, each was bound to the creditor for the full amount of their guaranty. It is not material that the obligations were created by separate instruments at different times and the extent of liability was not the same. (Citations omitted.) Schoenfeld v. Neher, *supra*, at 154.

Appellants next assert what they term "basic operative differences" which they contend preclude a determination of cosuretyship. They first assert the differences in subject matter disclose the non-existence of co-suretyship. The differences they cite are that their surety obligation extended to "any and all indebtedness" whereas the Neher guaranty ex-

tended only to deficiencies on the note securing the house trailers. Additionally, the Neher guarantee was limited to liability on only principal and interest, whereas theirs included all indebtedness. They next assert the original transactions giving rise to each surety were of such diverse origination as to conclusively show the two are not co-sureties. They assert their surety was given for the purpose of financing the fledgling corporate venture, whereas the Neher transaction had the effect of destroying the successor corporation by taking all the assets of that corporation. The Schoenfelds lastly assert that a variance of principals in the two guaranties preclude a determination of co-suretyship. They assert their corporate principal was Continental of California while the Neher guaranty had no principal, but referred to only the "trailer note". We are not persuaded. "Sureties, who are bound for a common principal to insure the performance of the same duty or obligation, are cosureties. . . ." Associated Constructors v. Paonessa, 81 P. 2d 461, 462 (Cal.App.1938). We view the Schoenfelds and Nehers as clearly within the California court's definition. The elements of common principal and obligation to perform the same duty are clearly present. "It is true that the two instruments were executed at different times and for different amounts, but each was given to the same principal to secure payment of the same note." Schoenfeld v. Neher, *supra*, 428 F.2d at 154.

█ The Schoenfelds, after tacit admission of the co-surety, mount a five-pronged offensive urging their entitlement to full indemnity rather than partial indemnity through contribution. They first contend the liabilities were "several" as opposed to "joint and several." Our conclusion relative to the ex-

---

1. Included among these were: "(1) The dates are 15 months apart; (2) they are separate sheets of paper; (3) the Schoenfelds signed one; the Nehers and Walkers signed the other; (4) a differ- ence of $575,000 in guaranty limit amounts; (5) the names of the apparent principals were different; and (6) the apparent principals did not benefit from the Neher contract."

istence of co-suretyship is dispositive. Both bore the same obligation to the same indebtedness of the same principal. They secondly urge the execution of the surety contract by Neher during the attachment proceeding was "[t]he execution of a suretyship obligation in the course of a legal proceeding for the collection of a debt" by which they lost a benefit, thereby imposing ultimate liability on the last surety.[2] Our reading of the case and other authorities discloses this rule to be applicable only when the later surety prolongs the litigation, thereby prolonging the first surety's period of liability without that surety's consent. This situation usually arises in the context of a surety on an appeal bond. Such is not the case at hand, and the rule is clearly inapplicable. The Neher surety was not executed for the purpose of prolonging litigation or affording an appeal. The Neher guaranty had the effect of forestalling further litigation in the attachment proceeding.

■ The appellants thirdly assert the Neher guaranty was an original promise to pay. Our prior determination of co-suretyship requires both promises to exist concurrently. We find no basis for concluding the Schoenfeld guaranty to have been supplanted by the Neher guaranty. Likewise, appellants' fourth contention is disposed of by our finding of co-surety. They argue the Neher instrument to be a contract of indemnity allowing the Schoenfelds to require full indemnification from the Nehers. The appellants are correct in their entitlement to indemnity; however, they overextend its application. They are entitled to indemnification only to the extent of the Nehers' proportionate contributive share.[3] The fifth contention is likewise rendered nugatory by our finding of co-suretyship. They contend their surety was a subsurety to the Neher guaranty based on differing duties or obligations.

We concluded each to have been under the same obligation, therefore we find no merit in this contention.

■ Both parties next urge the trial court incorrectly applied the law in apportioning liability under the respective guaranties. In computing the Neher liability, the trial court used the fraction 25,000/294,100. The numerator, 25,000, represented the amount of the Neher guaranty. The denominator, 294,100, was a composite of the amount of the original note ($244,100) which would be included in the Schoenfelds' continuing guaranty, together with $25,000 for each of the Neher and Walker guaranties. The Schoenfelds object on the basis that the $25,000 represented by the Walker guaranty should not be included in the denominator since they are not subject to the court's jurisdiction. They secondly object to the use of the original value of the note as the measure of their guaranty obligation contending it should be reduced to the amount of the outstanding balance at the time the Neher guaranty was executed.

The Nehers likewise object to the fractional proportion used by the trial court. They contend the proper denominator should be the composite of the total guaranty liability. They contend their guaranty with the Walkers bore a $25,000 limit, whereas the Schoenfeld guaranty bore a $600,000 limitation, therefore making the proper denominator 625,000. They further contend their guaranty was executed jointly with the Walkers, therefore their liability is only to half of the guaranty liability. They contend the proper fractional proportion for computation of their liability is 12,500/625,000.

The trial court correctly stated the rule of contribution to be each guarantor's proportionate share. The proportionate share of the Schoenfelds was the

2. King v. Hartford Accident and Indemnity Co., 133 Cal.App. 711, 24 P.2d 906 (1933).

3. Nelson v. Century Indemnity Co., 65 F.2d 765 (9th Cir. 1933), cert. denied 290 U.S. 683, 54 S.Ct. 120, 78 L.Ed. 588; Williams v. Riehl, 127 Cal. 365, 59 P. 762 (1899).

only remaining debt of Continental of California which they could be obligated to pay—the note for $244,100. The Neher-Walker guaranty imposed a joint and several guaranty obligation for a total of $25,000. The fractional proportion for computing the Nehers' liability is 25,000/269,100.

■ The situation here is unique in that the Neher-Walker guaranty is a co-surety in itself. As such, the Schoenfelds, in seeking contribution from the co-sureties, are not limited to recovery of the proportionate share of those co-sureties who are within the court's jurisdiction. The terms of the Neher-Walker guaranty imposed a joint and several guaranty obligation. Where the guaranty is executed in this manner, the entire contributive portion of that guaranty may be recovered from the co-suretors who are within the court's jurisdiction, leaving the adjustment of liability with the non-present co-suretor to the co-suretor who paid the entire contributive portion.

■ The trial court entered judgment on December 10, 1970, assessing interest at the rate of 6% per annum from April 7, 1964, the date Schoenfelds gave Nehers the notice of the proposed assignment of the guaranty from the bank to the Schoenfelds pursuant to their settlement with the bank of the outstanding balance on the note. The Schoenfelds assert the date is correct, but that the 7% California statutory interest rate is applicable. Appellees, however, contend the interest rate is correct, but contend under applicable Colorado law interest should be assessed only as of the date of entry of the judgment. We view the trial court proceedings as one for wrongful withholding of a co-surety's proportionate contributive share for which California allows recovery of the contributive share with interest at the legal rate for the period of wrongful withholding.[4] After judgment was entered, however, Colorado law is applicable in regard to collection of interest on judgments.[5]

We affirm the trial court's determination of co-surety relation existing, but remand for recomputation of damages in accordance with this opinion.

---

4.  *See* Truck Insurance Exchange v. American Surety Co. of New York, 338 F.2d 811 (9th Cir. 1964).

5.  Colo.Rev.Stat. § 73–1–2.